### In re GRAND JURY MATTER.

**Miscellaneous Business Docket No. 09–MBD–10091.**

United States District Court, D. Massachusetts.

April 10, 2009.

Shelby D. Wright, United States Attorney's Office, Boston, MA, for Petitioner.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

The United States (the "government") has filed an *ex parte* petition seeking an order from this Court authorizing it to disclose grand jury information to agents and employees of a private consulting firm (the "investigator"), pursuant to Federal Rule of Criminal Procedure 6(e). Specifically, the government contends that disclosure is authorized pursuant to Federal Rule of Criminal Procedure 6(e)(3)(A)(ii) ("section (A)(ii)"), and Federal Rule of Criminal Procedure 6(e)(3)(E)(i) ("section (E)(i)").

■ As an initial matter, the Court is mindful that the very functioning of the grand jury system depends on the secrecy of its proceedings. *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 218, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979). The specific reasons for grand jury secrecy are well established:

(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to

protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*United States v. Procter & Gamble Co.,* 356 U.S. 677, 681–82 n. 6, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958) (quoting *United States v. Rose,* 215 F.2d 617, 628–29 (3rd Cir.1954)).

■ The government first argues that disclosure of the grand jury information to the investigator is proper under section (A)(ii), which authorizes disclosure of matters occurring before a federal grand jury to

> any government personnel ... that an attorney for the government considers necessary to assist in performing that attorney's duty to enforce federal criminal law.

Fed.R.Crim.P. 6(e)(3)(A)(ii). The first issue before this Court thus is whether the investigator to whom the Government proposes disclosure qualifies as "government personnel" under section (A)(ii).

This Court considered this issue in *In re Grand Jury Proceedings,* 158 F.Supp.2d 96 (D.Mass.2001). After a lengthy analysis of, *inter alia,* the text and legislative history of section (A)(ii), as well as consideration of case law interpreting that section, this Court concluded that "government personnel" means "employees of the government." *Id.* at 118. In that case, the government did not argue that the subject entity, the Massachusetts Insurance Fraud Bureau ("MIFB"), was a public entity. *Id.* Thus, this Court assumed, without deciding, that it was a private entity. *Id.* In accordance with the Court's interpretation of "government personnel," this Court held that the MIFB investigators were not employees of the state and, as such, disclosure pursuant to section (A)(ii) was improper. *Id.*

The First Circuit Court of Appeals also has addressed this issue. In *United States v. Pimental,* 380 F.3d 575 (1st Cir.2004), the court considered whether MIFB employees qualified as "government personnel" under section (A)(ii). *Id.* at 592–96. Unlike in *In re Grand Jury Proceedings,* the *Pimental* court was presented with evidence suggesting that the MIFB was not a private entity. *Id.* at 592–93. Among the factors considered by the *Pimental* court were: 1) the statutory authorization for the MIFB's creation; 2) the fact that, while the MIFB is funded by private insurance companies, such funding is mandated by the authorizing statute; 3) five of its fifteen board members are public officials; 4) its "purpose, organizational scheme, and basic operations are all dictated by statute"; and 5) it is subject to the constant oversight of the Massachusetts General Court. *Id.* The *Pimental* court thus concluded that the MIFB "straddles the line between a government and a private entity" and termed it a "quasi-governmental" entity for purposes of section (A)(ii). *Id.* at 594, 596. The *Pimental* court held that the government, in that case, did not have self-executing power under (A)(ii); rather, in situations involving "quasi-governmental" entities such as the MIFB, the court stated that the government must seek judicial authorization to disclose grand jury information by making "a functional showing" that the entity or individual is within section (A)(ii). *Id.* at 596.

The *In re Grand Jury Proceedings* and *Pimental* decisions are congruent. In *In re Grand Jury Proceedings,* this Court assumed, without deciding, that the MIFB was a private entity absent any argument to the contrary by the government. In *Pimental,* the First Circuit concluded, after a lengthy analysis of the MIFB structure and function, that the MIFB was a "quasi-governmental" entity. The analysis

employed by both courts to determine whether the entity qualifies as "government personnel" under (A)(ii) is completely consistent.

Here, the government submits in its petition that the investigator is "a private contractor" and "a consultant," "hired by way of ... a contract." United States' Memorandum in Support of its *Ex Parte* Petition ("Memo."), 1, 6, 10. Nothing in the government's petition suggests that the investigator is a "quasi-governmental" entity as in *Pimental,* let alone an "employee of the government" within this Court's interpretation of "government personnel" as set forth in *In re Grand Jury Proceedings.* Therefore, this Court holds that disclosure pursuant to section (A)(ii) is improper because the investigator does not qualify as "government personnel."

■ The government further argues that disclosure of the grand jury information to the investigator is proper under section (E)(i), which states that a court "may authorize disclosure ... preliminary to or in connection with a judicial proceeding." Fed.R.Crim.P. 6(e)(3)(E)(i).[1] This Court recognizes that neither the text of section (E)(i), nor the accompanying commentary, set forth a substantive standard governing its discretion. It is clear, however, that section (E)(i) consistently has been held to require "a strong showing of particularized need for grand jury materials before any disclosure will be permitted." *United States v. Sells Eng'g, Inc.,* 463 U.S. 418, 443, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983). This Court takes further guidance from *Douglas Oil,* where the Supreme Court described the standard in detail:

> Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed....
>
> It is clear ... that disclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and that the burden of demonstrating this balance rests upon the private party seeking disclosure. It is equally clear that as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification. In sum, as so often is the situation in our jurisprudence, the court's duty ... is to weigh carefully the competing interests in light of the relevant circumstances and the standards announced by this Court. And if disclosure is ordered, the court may include protective limitations on the use of the disclosed material....

*Id.* at 222–23, 99 S.Ct. 1667 (citations omitted).

Here, the government asserts that the particularized need is "straightforward." Memo. at 13. It claims to need "a financial investigator staffed on the investigation in order to process, organize, and review information obtained during the investigation in a diligent and timely manner." *Id.* In addition, the government seeks assistance of the investigator to prepare charts, calculations and slides for presentation to the grand jury. *Id.* at 14. In sum, the government contends that the investigation will be "substantially delayed" without the assistance of the investigator. *Id.* at 7.

---

1. The Court notes that the cases cited and discussed in this Memorandum and Order concern Federal Rule of Criminal Procedure 6(e)(3)(C)(i), which is the predecessor to Federal Rule of Criminal Procedure 6(e)(3)(E)(i) at issue herein.

The record is devoid of evidence of the need to outsource these functions rather than depending on existing government personnel. Nor does the government demonstrate why "substantial delay" ought inevitably result from denying this motion, still less why any possible injustice ought occur. Furthermore, neither processing, organizing and review of documents, nor preparation of charts, calculations, and slides, seem so specialized as to rise to the level of a particularized need that outweighs the interests in grand jury secrecy. Applying the principles set forth in *Sells* and *Douglas Oil,* cognizant of the overarching interests in preserving grand jury secrecy, and recognizing its substantial judicial discretion, the Court holds that the government has failed to offer a sufficiently particularized need to outweigh the interests in grand jury secrecy and warrant disclosure of grand jury information to the investigator under section (E)(i).

Accordingly, for the reasons set forth above, the United States' *Ex Parte* Petition Under Fed.R.Crim.P. 6(e) For Disclosure of Grand Jury Information is DENIED.

SO ORDERED.